IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALFONSO HOUSTON, ) | |
| AIS #248672, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:09-CV-818-MEF |
| ) | [WO] |
| ) | |
| S. HILL, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause of action is pending before the court on a 42 U.S.C. § 1983 complaint filed by Alfonso Houston ["Houston"], a state inmate, on August 28, 2009. In his complaint, Houston complains he engaged in a physical altercation with correctional officers during his incarceration at the Ventress Correctional Facility.

Pursuant to the orders of this court, the defendants filed a written report supported by relevant evidentiary materials in which they addressed the claims for relief presented by Houston. The report and evidentiary materials refute the self-serving, conclusory allegations presented in the instant cause of action. Specifically, the documents indicate the defendants did not act in violation of the plaintiff's constitutional rights. The court thereafter issued an order directing Houston to file a response to the written report. October 13, 2009 Order (Doc. No. 9). This order advised Houston that his failure to respond to the defendants' written report would be treated by the court "**as an**

**abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." *Id*. at 1 (emphasis in original).  Additionally, the order "**specifically cautioned [the plaintiff] that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this civil action.  *Id*.  The time allotted Houston for filing a response in compliance with the directives of the aforementioned order expired in November of 2009.  *Id*.  As of the present date, Houston has failed to file a response in opposition to the defendants' written report.  In light of the foregoing, the court concludes that this case should be dismissed.

The court has reviewed the file in this case to determine whether a less drastic measure than dismissal is appropriate.  After such review, it is clear that dismissal of this case without prejudice is the proper course of action.  Houston is an indigent inmate.  Thus, the imposition of monetary or other punitive sanctions against him would be ineffectual.  Additionally, Houston has failed to comply with the directives of the orders entered in this case.  It is therefore apparent that any additional effort by this court to secure his compliance would be unavailing.  Consequently, the court concludes that the plaintiff's abandonment of his claims, his failure to comply with the orders of this court and his failure to properly continue prosecution of this cause of action warrant dismissal of this case.

## CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge

that this case be dismissed without prejudice.  It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **October 3, 2011**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the Court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 19th day of September, 2011.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE